**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

December 2, 2024

Gregory V. Varallo
Daniel E. Meyer
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Peter B. Andrews
Craig J. Springer
David M. Sborz
Jackson E. Warren
ANDREWS & SPRINGER LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807

David E. Ross
Garrett B. Moritz
Thomas C. Mandracchia
ROSS ARONSTAM & MORITZ LLP
1313 North Market St., Suite 1001
Wilmington, DE 19801

Catherine A. Gaul
Randall J. Teti
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

John L. Reed
Ronald N. Brown, III
Caleb G. Johnson
Daniel P. Klusman
DLA PIPER LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

William M. Lafferty
Susan W. Waesco
Ryan D. Stottmann
Miranda N. Gilbert
Jacob M. Perrone
MORRIS, NICHOLS,
ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801

Rudolf Koch
John D. Hendershot
Kevin M. Gallagher
Andrew L. Milam
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

A. Thompson Bayliss
Adam K. Schulman
Eliezer Y. Feinstein
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

David S. Eagle
Sally E. Veghte
KLEHR HARRISON HARVEY
BRANZBURG LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801

Anthony A. Rickey
MARGRAVE LAW LLC
3411 Silverside Road
Baynard Building, Suite 104
Wilmington, DE 19810

Christine M. Mackintosh
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801

Theodore A. Kittila
HALLORAN FARKAS + KITTILA LLP
5722 Kennett Pike
Wilmington, DE 19807

Daniel A. Griffith
WHITEFORD TAYLOR & PRESTON LLC
600 North King Street
Wilmington, DE 19801

Re:  *Richard J. Tornetta v. Elon Musk, et al.,*
C.A. No. 2018-0408-KSJM

Dear Counsel:

This letter decision addresses the filings of Tesla stockholders: Amy Steffens, joined by California Public Employees' Retirement System ("CALPERS"); and David Israel and Kurt Panouses, joined by ARK Investment Management LLC ("ARK").[1] All of the submissions expressed concerns with the Fee Petition. They also made points pertinent to the Ratification Argument. And the stockholders' counsel moved for attorneys' fees and expenses.[2] Each of these stockholders styled their submissions as "objections."

I have serious concerns about granting stockholders standing to object in these circumstances. This is not a class action brought on behalf of Tesla's minority stockholders. And the fee petition did not arise in the settlement context. These are

---

[1] *See* No. 2018-0408-KSJM, Docket ("Dkt.") 296 (Fee Petition); Dkts. 354 (Steffens submissions); Dkts. 374 (CALPERS Joinder); Dkts. 380 (Israel & Panouses submissions), 402 (ARK's Joinder), 419 (Israel, Panouses & ARK's Supplemental Br.). I use the defined terms set out in my Opinion, published today, addressing the Fee Petition and Ratification Arguments (the "December 2 Opinion").

[2] Dkts. 437–38.

post-trial proceedings in a derivative action concerning a Fee Petition that Defendants and their army of lawyers opposed. None of the stockholders identify any case where this court has permitted a stockholder to object in these circumstances. Permitting any stockholder to appear and object where the parties have every incentive to zealously represent their clients' interests would lead to deeply inefficient proceedings that potentially undermine the parties' ability to control the litigation. For that reason, I decline to extend standing to the stockholders here.

That said, as I noted in today's decision, rescinding the Grant inured to the direct benefit of Tesla stockholders. Thus, despite their lack of formal standing, I carefully considered each of the stockholders' arguments. I permitted their counsel to present during the July 7 and August 2, 2024 hearings on the Fee Petition and Ratification Argument, respectively. I appreciate the thought and care that they put into their written and oral presentations. And I recognize that they appeared in court in good faith and at their own expense. In the end, however, none of the points made

by the stockholders altered the outcome of the December 2 Opinion.[3]   The

stockholders' requests for fees are denied.[4]

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:   All counsel of record (by *File & ServeXpress*)

---

[3] Each of the stockholders also attack Plaintiff's adequacy as a representative plaintiff.  *See* Steffens Br. at 8, 23, n.17; Israel, Panouses & ARK's Br. at 11; Dkt. 407 (7/8/2024 H'rg Tr.) at 268:16–269:15.  But they did not do so timely nor pursuant to the procedure set forth by Court of Chancery Rules.  *See* Ct. Ch. R. 23.1(c) (permitting the court to resolve appointment disputes or dismiss an action with inadequate derivative counsel); Ct. Ch. R. 24(a), (b) (permitting intervention pursuant to a timely motion); *see also ITG Brands, LLC v. Reynolds Am. Inc.*, 2024 WL 1366198, at *2–3 (Del. Ch. Apr. 1, 2024) (noting timeliness "is fact specific and discretionary" and that courts refuse intervention that prejudices parties by "delay[ing] the termination of the litigation").  Moreover, Plaintiff has proven himself quite capable as a representative plaintiff.

[4] *See Maurer v. Int'l Re-Insurance Corp.*, 95 A.2d 827, 830 (Del. 1953) ("[A]part from statute or contract, a litigant must pay his counsel fees. . . subject to but a few exceptions[.]'").